FILED
2008 Jan-02 PM 01:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

**BERRY D. COLEMAN,**

**Plaintiff,**

**v.**

**DARDEN RESTAURANTS, Inc., a Florida corporation d/b/a OLIVE GARDEN ITALIAN RESTAURANT in Florence, Lauderdale County, Alabama at the following street address address:**

**Olive Garden Italian Restaurant
375 Cox Creek Parkway
Florence, Alabama 35603**

**and**

**GMRI, Inc., a Florida corporation d/b/a OLIVE GARDEN ITALIAN RESTAURANT in Florence, Lauderdale County, Alabama c/o GMRI, Inc.'s Registered Agent for Service of Process in the State of Alabama, namely:**

**Corporate Creations Network, Inc.
2094 Myrtlewood Drive
Montgomery, Alabama 36111**

**Defendants.**

**CIVIL ACTION NO.:**

**(JURY TRIAL DEMAND)**

# COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I

of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Berry D. Coleman ("Coleman") who was adversely affected by such practices. The Defendant Employers, namely, Darden Restaurants, Inc. ("Darden"), a Florida corporation, which is doing business as Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama and GMRI, a Florida corporation, which is doing business as Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama, discriminated against Coleman on the basis of his race (Black) and retaliated against him for his engaging in activity protected by Title VII by subjecting him to harassment, unfair discipline, suspension, termination, and other different terms and conditions of employment as set forth in paragraph eight (8) of this complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S. C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama Northwestern Division.

3. Coleman's claims arising under the laws of the State of Alabama are properly before this Court based on the doctrine of pendent jurisdiction.

## PARTIES

4. At all relevant times, Coleman has continuously been a resident of Florence, Lauderdale County, Alabama and was employed by Darden and GMRI. Coleman is over the age of nineteen.

5. At all relevant times, Darden has continuously been a Florida corporation which has been doing business in the State of Alabama and the City of Florence, Lauderdale County, Alabama, and has continuously had at least 15 employees.

6. At all relevant times, GMRI has continuously been a Florida corporation which has been doing business in the State of Alabama and the City of Florence, Lauderdale County, Alabama, and has continuously had at least 15 employees.

7. At all relevant times, Darden and GMRI have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S. C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. On March 19, 2007 and on April 10, 2007, within 180 days of learning of the acts of discrimination of which Coleman complains, he filed

Charges of Discrimination, Charge Number 420-2007-02186 and Charge Number 420-2007-02497 , with the Equal Employment Opportunity Commission ("EEOC"). A copy of each of the said Charges of Discrimination is attached hereto as Exhibit "A" and Exhibit "B" respectively.

9. On October 3, 2007, the EEOC issued a Notice Of Suit Rights in regard to each of the aforementioned Charges of Discrimination, entitling Coleman to institute civil actions in federal court. A copy of each Notice Of Suit Rights is attached hereto as Exhibit "C" and Exhibit "D" respectively. Each of the aforementioned EEOC Notice Of Suit Rights in regard to each of the aforementioned Charges of Discrimination was mailed by the EEOC on October 3, 2007 and received by Coleman on October 8, 2007.

10. All prerequisites for bringing this action have been met.

## STATEMENT OF CLAIMS

11. Since on or about October 30, 2006 and continuing thereafter, Darden and GMRI engaged in unlawful employment practices at their Florence, Lauderdale County, Alabama facility, specifically, Olive Garden Italian Restaurant, in violation of Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a). In particular, Darden and GMRI engaged in unlawful employment practices at their facility, specifically, Olive Garden Italian Restaurant, in Florence, Lauderdale County, Alabama, through the actions

of their supervisors, employees, agents, and representatives.

12. More specifically, since on or about October 30, 2006, and continuing thereafter, supervisors and employees of Darden and GMRI subjected Coleman to unlawful harassment, unfair discipline, suspension, termination, and other different terms and conditions, including subjecting Coleman to daily racial taunts, refusing to acknowledge Coleman, refusing to address the racially hostile environment to which Coleman was subjected, unfairly disciplining him, giving Coleman unfair employment options, suspending him and terminating him. Darden's and GMRI's actions were based on Coleman's race (Black) and in retaliation for his engaging in activity protected by Title VII.

13. The effect of the practices complained of in paragraph twelve (12) above has been to deprive Coleman of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (Black) and in retaliation for his engaging in activity protected by Title VII.

14. The unlawful employment practices complained of in paragraph twelve (12) above were intentional.

15. The unlawful employment practices complained of in paragraph twelve (12) above were done with malice and/or with reckless indifference to the federally protected rights of Coleman.

## PRAYER FOR RELIEF

Wherefore, Coleman respectfully requests that this Court:

A. Grant a permanent injunction enjoining Darden, GMRI, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment and any other employment practice which discriminate on the basis of race.

B. Order Darden and GMRI to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all races and national origin and which eradicate the effects of its past and present unlawful employment practices.

C. Order Darden and GMRI to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D. Order Darden and GMRI to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E. Order Darden and GMRI to make whole Coleman by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Darden and GMRI to make whole Coleman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph twelve (12) above in amounts to be determined at trial.

G. Order Darden and GMRI to make whole Coleman by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph twelve (12) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Darden and GMRI to pay Coleman punitive damages for its malicious and reckless conduct described in paragraph twelve (12) above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award Coleman his attorney fees and costs of this action.

## JURY TRIAL DEMAND

Coleman requests a jury trial on all questions of fact raised by his Complaint.

## STATE LAW PENDENT CLAIMS

## I
## (SLANDER)

1. In late October 2006 and in November 2006 in Florence, Lauderdale County, Alabama, Defendant Darden Restaurants, Inc.("Darden") and Defendant GMRI, Inc. ("GRMI") slandered Plaintiff Berry D. Coleman ("Coleman") by publishing false and defamatory statements of and concerning Coleman to-wit: David Weand ("Weand"), Darden's and GMRI's General Manager at their Florence, Lauderdale County, Alabama Olive Garden Italian Restaurant, talked to, made derogatory statements to, and made false defamatory statements to people outside of, not employed by, and/or not associated with their Olive Garden Italian Restaurant about Coleman. Weand told people outside of, not employed by, and/or not associated with their Olive Garden Italian Restaurant that Coleman was sexually harassing Olive Garden Italian Restaurant female employees, was being investigated, and was going to be fired; that Coleman could not be trusted; and, that Coleman was not pulling his weight on the job and could not do the job Coleman was employed to do.

2. Coleman was damaged by said false defamatory statements as follows: Coleman's reputation was damaged in the community; Coleman was caused to suffer shame; humiliation; embarrassment; severe mental and emotional anguish; Coleman's ability, as a manager at Darden's and GMRI's Florence, Lauderdale

County, Alabama Olive Garden Italian Restaurant, to supervise and to manage Darden and GMRI employees at Darden's and GMRI's Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama was so diminished as to make Coleman totally ineffective as a manager at Darden's and GMRI's Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama; and, Coleman's ability to work as a manager in other restaurants in the community was irreparably damaged.

3. Coleman claims punitive damages of Darden and GMRI because Darden and GMRI published said statements with malice and with knowledge of their falsity or with gross and reckless disregard of their falsity.

WHEREFORE, Coleman demands compensatory and punitive damages against Darden and GMRI in sums to be determined by a jury, plus costs.

**II**
**(INVASION OF RIGHT OF PRIVACY)**

1. In late October 2006 and November 2006, Defendant Darden Restaurants, Inc. ("Darden") and Defendant GMRI, Inc. ("GMRI") exposed Plaintiff Berry D. Coleman ("Coleman") to unwarranted publicity in that Darden and GMRI slandered Coleman by publishing false and defamatory statements of and concerning Coleman to-wit: Weand, Darden's and GMRI's General Manager at their Florence, Lauderdale County, Alabama Olive Garden Italian Restaurant, talked to, made derogatory statements to, and made false defamatory statements to

people outside of, not employed by, and/or not associated with their Olive Garden Italian Restaurant about Coleman. Weand told people outside of, not employed by, and/or not associated with their Olive Garden Italian Restaurant that Coleman was sexually harassing Olive Garden Italian Restaurant female employees, was being investigated, and was going to be fired; that Coleman could not be trusted; and, that Coleman was not pulling his weight on the job and could not do the job Coleman was employed to do, and thereby invaded the Plaintiff's privacy.

2. Coleman, as the proximate consequence of the said invasion of his privacy, was caused to suffer the following injuries and damages: Coleman's reputation was damaged in the community; Coleman was caused to suffer shame, humiliation, embarrassment, and severe mental and emotional anguish; Coleman's ability, as a manager at Darden's and GMRI's Florence, Lauderdale County, Alabama Olive Garden Italian Restaurant, to supervise and to manage Darden and GMRI employees at Darden's and GMRI's Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama was so diminished as to make Coleman totally ineffective as a manager at Darden's and GMRI's Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama; and, Coleman's ability to work as a manager in other restaurants in the community was irreparably damaged.

3. Plaintiff claims punitive damages of the Defendants because of the gross and oppressive and willful nature of Darden's and GMRI's conduct.

WHEREFORE, Coleman demands compensatory and punitive damages against Darden and GMRI in sums to be determined by a jury, plus costs.

## III
## (NEGLIGENT AND/OR WANTON HIRING, TRAINING, SUPERVISION AND RETENTION)

1. This is a claim arising under the laws of the State of Alabama to redress the negligent and/or wanton hiring, training, supervision and retention of Jason Stoops ("Stoops"), Assistant Manager for Defendant Darden Restaurants, Inc. ("Darden") and Defendant GMRI, Inc. ("GMRI"); David Weand ("Weand"), General Manager for Darden and GMRI; and, Robert Rodriguez ("Rodriguez"), Director of Operations for Darden and GMRI by Darden and GMRI.

2. Darden and GMRI had a duty to provide Plaintiff Berry D. Coleman ("Coleman") with a work environment which was not hostile; a work environment which was free from racial harassment; a work environment which was free from false accusations; a work environment which was free from intentional and willful mental and emotional abuse; a work environment which was free from racial discrimination; and, a work environment which was free from retaliation for his engaging in activity protected by Title VII, for his reporting unequal pay based on race, for his reporting sexual harassment in the workplace, for his reporting managerial misconduct, and for his reporting employee misconduct.

3. Stoops' and Weand's racial harassment and racial discrimination against

Coleman was reported to Stoops' immediate supervisor, Weand, and Weand's immediate supervisor, Rodriguez. Staff in Darden's and GMRI's human resources department was told about the situation with Stoops, Weand, and Rodriguez. Coleman was terminated. Weand is still employed by Darden and GMRI.

4. Darden and GMRI had actual notice of Stoops', Weand's, and Rodriguez's actions complained of by Coleman. Darden and GMRI, having such knowledge, negligently and/or wantonly failed to appropriately supervise, train, discipline and/or terminate Stoops, Weand, and Rodriguez in order to protect Coleman from further injury.

5. Darden and GMRI negligently and/or wantonly failed: to establish an adequate policy against racial harassment and racial discrimination; to implement such policy consistently; to regularly and clearly communicate such policy to its agents and employees; to train its agents and employees regarding such policy; and, to supervise its agents and employees regarding such policy. Darden and GMRI negligently and/or wantonly failed to educate its agents and employees on racial harassment and racial discrimination.

6. Darden's and GMRI's negligent and/or wanton conduct proximately caused Coleman to suffer the following injuries and damages: Coleman's reputation was damaged in the community; Coleman was caused to suffer shame, humiliation, embarrassment, and severe mental and emotional anguish; Coleman's

ability, as a manager at Darden's and GMRI's Florence, Lauderdale County, Alabama Olive Garden Italian Restaurant, to supervise and to manage Darden and GMRI employees at Darden's and GMRI's Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama was so diminished as to make Coleman totally ineffective as a manager at Darden's and GMRI's Olive Garden Italian Restaurant in Florence, Lauderdale County, Alabama; and, Coleman's ability to work as a manager in other restaurants in the community was irreparably damaged.

7. Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, and any and all such other relief the trier of fact may assess.

WHEREFORE, Coleman demands compensatory and punitive damages against Darden and GMRI in sums to be determined by a jury, plus costs.

**JURY TRIAL DEMAND**

Coleman requests a jury trial on all questions of fact raised by his Complaint.

Berry D. Coleman

Michael L. Weathers (WEA006)
Attorney for Plaintiff Berry D. Coleman
121 W. Alabama Street
Suite 5
Florence, Alabama 35630-5586
(256) 764-1318 Telephone and Facsimile
E-mail Address: michael.l.weathers@comcast.net

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 420-2007-02186

State or local Agency, if any — and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Berry D. Coleman | (256) 766-8309 | 04-11-1965 |

Street Address / City, State and ZIP Code: 2231 Maple Avenue, Florence, AL 35630

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DARDEN RESTAURANTS, INC. | 500 or More | (407) 245-4400 |

Street Address / City, State and ZIP Code: D/B/A Olive Garden, Orlando, FL

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code:

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 03-14-2007 | 03-14-2007 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**On about 10/30/06 I complained and reported to Area Director that the Culinary manager and General manager were having affairs with female employees in violation of Respondent's policy. I have been suspended twice since I complained, on 11/11/06 and 3/14/07, in retaliation for having complained about the general manager and culinary manager to the area manager. Respondent suspended me but failed to disciplined or suspend white managers for their infractions.**

**I also complained to managers about Black employees not receiving a wage increase when the White employees received wage increases.**

**I believed that I have discriminated against because of my race, Black and in retaliation, in violation of Title VII of the Civil Rights Act of 1964,as amended.**

EXHIBIT "A"

RECEIVED
EEOC
MAR 19 2007
BIRMINGHAM DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Mar 19, 2007 — *Date*

*Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 420-2007-02497 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Barry D. Coleman | (256) 766-8309 | 04-11-1965 |

Street Address City, State and ZIP Code

2221 Maple Avenue, Florence, AL 35630

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (*Include Area Code*) |
|---|---|---|
| DARDEN RESTAURANT, d/ba Olive Garden | 500 or More | (256) 718-3337 |

Street Address City, State and ZIP Code

376 Cox Creek Parkway, Florence, AL 35630

| Name | No. Employees, Members | Phone No. (*Include Area Code*) |
|---|---|---|
| | | |

EXHIBIT "B"

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (*Specify below.*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 11-11-2006 | 03-22-2007 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I am Black and I was hired by the above named employer on January 2, 2006, as a service manager. On or about October 30, 2006, I complained to the General Manager that several female employees had come to me about being subjected to sexual harassment from other members of the management team. I was suspended on November 11, 2006, without any advance notice for sexually harassing females, which I denied. An internal investigation cleared me of the allegations of sexual harassment. I also complained to management that the Black employees had been denied a wage increase. I was suspended on March 14, 2007, pending an investigation into another unfounded prior allegation of sexual harassment against me. I learned that I had been discharged on March 22, 2007.

Robert Rodriquez, Hispanic Area Director, told me that I was being discharged for informing an employee that Human Resources was coming to the store to conduct an investigation, which I deny.

I believe that I was discriminated against because of my race, Black and in retaliation for having opposed practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
EEOC
APR 1 2 2007
BIRMINGHAM DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

Apr 10, 2007

*Date*

*Charging Party Signature*

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Berry Coleman**
**2231 Maple Avenue**
**Florence, AL 35630**

From: **EEOC**
**1130 - 22nd Street, South**
**Suite 2000**
**Birmingham, AL 35205**

EXHIBIT "C"

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420 2007 02186** | **Jeanne Walker** | **(205) 212-2055** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Delner Franklin-Thomas (signature)

Delner Franklin-Thomas, District Director

10-03-07
*(Date Mailed)*

Enclosure(s)

cc: Michael L. Weathers, Atty.

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Berry Coleman**
**2231 Maple Avenue**
**Florence, AL 35630**

From: **EEOC**
**1130 - 22nd Street, South**
**Suite 2000**
**Birmingham, AL 35205**

EXHIBIT "D"

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2007 02487 | Jeanne Walker | (205) 212-2055 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Delner Franklin-Thomas (signature) 10-03-07

Delner Franklin-Thomas, District Director — *(Date Mailed)*

Enclosure(s)

cc: Michael L. Weathers, Atty

Exhibit D - Berry D. Coleman Complaint 1-2-08